# STATE OF VERMONT
## SUPERIOR COURT - ENVIRONMENTAL DIVISION

|  |  |  |
|---|---|---|
| In re: Bissig Subdivision | { | Docket No. 87-7-13 Vtec |
| Final Plat Application Appeal | { | (App. from Cambridge DRB (#SD-2013-02) |

## Judgment Order

Barbara Bissig ("Applicant") sought authority for a two-lot subdivision of her 64.1± acre property on Bartlett Hill Road in the Town of Cambridge, Vermont. On June 10, 2013, the Town of Cambridge Development Review Board ("DRB") approved the final plat application for the proposed subdivision, subject to conditions. Finding 5(h)[1] of the DRB's decision directed Applicant to "coordinat[e] with adjoining landowners" who used pre-existing access ways over the proposed lots to access their properties and to indicate existing rights of way on the final plat. Applicant disagreed with the propriety of that condition and filed a timely appeal with this Court.

Applicant was represented in this appeal by Chad V. Bonanni, Esq.; the Town of Cambridge ("Town") was represented by Richard C. Sargent, Esq. No other party appeared in this appeal.

On March 6, 2014, the Court conducted a site visit with the parties, followed by a trial at the Lamoille County Courthouse. The site visit provided useful context for the testimony and other evidence received at trial, however, the site visit observations and statements were not regarded as evidence.

Once the Applicant and the Town had a full opportunity to present all admissible and relevant evidence, the Court took a brief recess to complete its deliberations and legal research. The Court then reconvened the hearing and announced its Findings of Fact and Conclusions of Law on the record of the merits hearing. This Judgment Order is issued for the purpose of providing a summary of those Findings and Conclusions. Any individual wishing to review the Court's Findings and Conclusions should review the trial record.

---

[1] See Bissig Subdivision Final Plat, Findings and Decision, at 4 (Town of Cambridge Dev. Review Bd., June 10, 2013). We note that the DRB decision contains two Findings labeled "5(h)"; our reference is to the first of those two Findings.

1

Upon reconvening the hearing, the Court first noted that the pending two-lot subdivision application presented a unique set of circumstances that convinced this Court that its decision would have little precedential value.  In essence, the application presented a straight-forward two-lot subdivision, with both lots having adequate frontage on Bartlett Hill Road.  Each proposed lot would be served by a separate driveway running from Bartlett Hill Road, and no internal roadways were proposed.  (Bissig Subdivision Survey, admitted as Exhibit 1 on Mar. 6, 2014.)  The Court therefore concluded that Sections 4.02 and 4.07 of the Subdivision Regulations for the Town and Village of Cambridge, Lamoille County, Vermont were not applicable to this subdivision, insofar as those provisions relate to private roads.

 Regarding access by adjoining land owners, each of the two new lots would be encumbered by a pre-existing easement that serves as an access for a single adjoining property. The proposed driveways for the two new lots would follow a portion of the pre-existing easements for the respective adjoining lots, but would not interfere with those pre-existing easements.  (Bissig Subdivision Survey, admitted as Exhibit 1 on Mar. 6, 2014.)  The owners of those adjoining lots chose not to appear or participate in this appeal.

Based upon the Findings and Conclusions stated on the trial record, the Court does hereby **AFFIRM** the June 10, 2013 DRB decision, subject to the exclusion of the decision's first Finding 5(h), which the Court hereby **VOIDS**.

This matter is hereby remanded to the Town of Cambridge Zoning Administrator, solely to complete the ministerial act of issuing a permit that conforms to this Judgment Order and the unappealed provisions of the June 10, 2013 DRB decision.

This completes the current proceedings before this Court on this application.

Done at Berlin, Vermont this 12th day of March, 2014.

_____
Thomas S. Durkin, Environmental Judge